UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID HARRIS,

       Plaintiff,

   v.

UNITED STATES OF AMERICA, et al.,

       Defendants.

Civil Action No. 22-0342 (RC)

**MOTION TO DISMISS OR, ALTERNATIVELY, TO TRANSFER AND
<u>MEMORANDUM IN SUPPORT</u>**

## TABLE OF CONTENTS

LEGAL STANDARDS ........................................................................................................... 4

   I.   Dismissal Under Rule 12(b)(1) ................................................................................... 4

   II.   Dismissal Under Rule 12(b)(6) ................................................................................. 5

   III.  Transfer of Venue ................................................................................................... 5

ARGUMENT ...................................................................................................................... 7

   II.   The Court Should Dismiss Plaintiff's FTCA Claims Under Rules 12(b)(1) and 12(b)(6).. 8

   III.  Alternatively, the Court Should Transfer this Action to the Middle District of Florida. .... 9

      A.   This Case Could Have Been Brought in the Middle District of Florida. ................... 10

      B.   The Private and Public Interest Factors Also Weigh Overwhelmingly in Favor of Transfer. ................................................................................................................... 11

CONCLUSION ................................................................................................................... 16

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ........................................................................... 2, 5

*Ballard v. Kendall,*
  640 F. Supp. 2d 41 (D.D.C. 2002) .................................................... 4

*Barham v. UBS Fin. Servs.,*
  496 F. Supp. 2d 174 (D.D.C. 2007) .................................................. 15

*Barroca v. Hurwitz,*
  342 F. Supp. 3d 178 (D.D.C. 2018) .................................................. 7

*Beall v. Edwards Lifesciences LLC,*
  310 F. Supp. 3d 97 (D.D.C. 2018) .................................................... 13

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ........................................................................... 5, 9

*Bivens v. Six Federal Narcotics Agents,*
  403 U.S. 388 (1971) ........................................................................... 1

*Bourdon v. Dep't of Homeland Sec.,*
  235 F. Supp. 3d 298 (D.D.C. 2017) .................................................. 14, 15

*Chung v. Chrysler Corp.,*
  903 F. Supp. 160 (D.D.C. 1995) ....................................................... 13

*City of West Palm Beach v. Army Corps. of Eng'rs,*
  317 F. Supp. 3d 150 (D.D.C. 2018) .................................................. 11, 14

*Clark v. Libr. of Cong.,*
  750 F.2d 89 (D.C. Cir. 1984) ............................................................ 4

*Ctr. for Env't Sci., Accuracy & Reliability v. Nat'l Park Serv.,*
  75 F. Supp. 3d 353 (D.D.C. 2014) .................................................... 6, 10

*Cunningham v. Dep't of Just.,*
  961 F. Supp. 2d 226 (D.D.C. 2013) .................................................. 4

*EEOC v. St. Francis Xavier Parochial Sch.,*
  117 F.3d 621 (D.C. Cir. 1997) .......................................................... 5

*FDIC v. Meyer,*
  510 U.S. 471 (1994) ........................................................................... 4, 9

*Fed. Hous. Fin. Agency v. First Tenn. Bank Nat'l Ass'n*,
    856 F. Supp. 2d 186 (D.D.C. 2012) ........................................................................ 11

*Franz v. United States*,
    591 F. Supp. 374 (D.D.C. 1984) ............................................................................ 6

*Gulf Restoration Network v. Jewell*,
    87 F. Supp. 3d 303 (D.D.C. 2015) ........................................................... 6, 7, 11, 13

*Haase v. Sessions*,
    835 F.2d 902 (D.C. Cir. 1987) .............................................................................. 4

*Hansen v. Lappin*,
    800 F. Supp. 2d 76 (D.D.C. 2011) ........................................................................ 8

*Harper v. United States*,
    671 F. App'x 805 (D.C. Cir. 2016) ....................................................................... 7

*Hazel v. Lappin*,
    614 F. Supp. 2d 66 (D.D.C. 2009) ........................................................................ 7

*Hettinga v. United States*,
    677 F.3d 471 (D.C. Cir. 2012) ............................................................................. 5

*Jordan v. Bureau of Prisons*,
    Civ. A. No. 21-0614 (CKK), 2022 WL 579442 (D.D.C. Feb. 25, 2022) .................. 12

*Kentucky v. Graham,*
    473 U.S. 159 (1985) ........................................................................................... 4

*Kowal v. MCI Commc'ns Corp.*,
    16 F.3d 1271 (D.C. Cir. 1994) ............................................................................. 5

*Lane v. Pena*,
    518 U.S. 187 (1996) ........................................................................................... 4

*Loumiet v. United States*,
    828 F.3d 935 (D.C. Cir. 2016) ........................................................................ 7, 10

*Lovelace v. Software Spectrum, Inc.*,
    78 F.3d 1015 (5th Cir. 1996) ............................................................................... 5

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) ........................................................................................... 4

*Marshall v. Reno*,
    915 F. Supp. 426 (D.D.C. 1996) .......................................................................... 8

*Ortiz-Contreras v. Holder,*
   126 F. Supp. 3d 127 (D.D.C. 2015) ........................................................... 10

*Pres. Soc'y of Charleston v. Army Corps of Eng'rs,*
   893 F. Supp. 2d 49 (D.D.C. 2012) ............................................................... 6

*Pyrocap Int'l Corp. v. Ford,*
   259 F. Supp. 2d 92 (D.D.C. 2003) ............................................................. 13

*Quaid v. Kerry,*
   161 F. Supp. 3d 70 (D.D.C. 2016) ............................................................... 7

*Schmidt v. Am. Physics Inst.,*
   322 F. Supp. 2d 28 (D.D.C. 2004) ............................................................... 7

*Settles v. U.S. Parole Comm'n,*
   429 F.3d 1098 (D.C. Cir. 2005) .................................................................... 4

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,*
   549 U.S. 422 (2007) ................................................................................... 11

*Smith v. United States,*
   518 F. Supp. 2d 139 (D.D.C. 2007) ............................................................. 9

*Starnes v. McGuire,*
   512 F.2d 918 (D.C. Cir. 1974) .................................................................... 12

*Tower Labs, Ltd. v. Lush Cosmetics Ltd.,*
   285 F. Supp. 3d 321 (D.D.C. 2018) ........................................................... 12

*Trout Unlimited v. Dep't of Agric.,*
   944 F. Supp. 13 (D.D.C. 1993) ................................................................... 14

*Truesdale v. Dep't of Just.,*
   657 F. Supp. 2d 219 (D.D.C. 2009) ............................................................. 9

*Williams v. Dep't of Veterans Affs.,* Civ. A.,
   No. 16-2062 (EGS), 2020 WL 1323305 (D.D.C. Mar. 20, 2020) ................. 8

*Windsor v. Dep't of Veterans Affs.,* Civ. A.,
   No. 23-1050 (UNA), 2023 WL 3180390 (D.D.C. May 1, 2023) ................... 6

*Wine v. Dep't of Interior,*
   Civ. A. No. 21-3349 (TNM), 2022 WL 3715799 (D.D.C. Aug. 29, 2022) ........ 7

**Statutes**

28 U.S.C. §

1346(b)(1) ............................................................................................................. 8

1391(e) ............................................................................................................. 6, 9

1391(e)(1) ........................................................................................................... 10

1402(b) ........................................................................................................ 6, 9, 10

1404(a) ......................................................................................................... 1, 6, 10

2674 ..................................................................................................................... 8

1346(b) ................................................................................................................. 1

**Rules**

Federal Rule of Civil Procedure 12(b) .................................................................. 19

**INTRODUCTION**

On February 7, 2022, Plaintiff brought the original Complaint in this action against the United States, the Federal Bureau of Prisons ("Bureau"), and several unidentified "Various Unknown Medical Staff for the Bureau of Prisons" (collectively, the "Defendants"), alleging the Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment's protection against cruel and unusual punishment.[1] In response, the Defendants moved to dismiss the Complaint on grounds that the Court lacked subject matter jurisdiction to adjudicate Plaintiff's claims, or alternatively, to transfer this civil action to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a), where Plaintiff resides and where most of the alleged acts and omissions occurred.

On December 22, 2023, Plaintiff filed a response to the Defendants' motion, which the Court construed, in part, as a motion to amend the complaint. On January 14, 2024, the Court granted Plaintiff's motion to amend the complaint and ordered that Plaintiff "shall file an amended complaint . . . setting forth all the claims he intends to bring and the defendant(s) against whom he brings each claim." Min. Order of Jan. 4, 2024.

On February 1, 2024, Plaintiff filed an Amended Complaint against Defendants, asserting a claim under *Bivens v. Six Federal Narcotics Agents*, 403 U.S. 388 (1971) for the Defendants' alleged deliberate indifference to his serious medical needs, and under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80. *See* Am. Compl. at 2-5.[2]

---

[1]     The case docket does not reflect service of the original or Amended Complaint upon any of the "unknown medical staff for the Bureau of Prisons" or any other individual federal employee. Moreover, Plaintiff does not name any individual federal employee as a defendant in this litigation, and undersigned counsel for the United States does not presently represent any federal employees in their individual capacities in this litigation.

[2]     For ease of reference, Defendants refer to the ECF-generated page numbers appearing at the top of each page of the Amended Complaint.

## BACKGROUND

The factual allegations in Plaintiff's Amended Complaint are presumed to be true for purposes of this motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Per the Amended Complaint, Plaintiff David Harris (Register Number 25574-076) has been incarcerated at the following Bureau prison facilities: United States Penitentiary ("USP") Leavenworth, Kansas (2015-2017); USP Lee, Virginia (2017-2018); Oklahoma Transfer Center (2017-2018); Federal Correctional Institution ("FCI") Gilmer, West Virginia (2018); USP Yazoo City, Mississippi (2018-2019); and USP Coleman 1 and 2, Florida (2019-2024). Plaintiff is currently incarcerated at the Federal Correctional Complex in Coleman, Florida. *See* Am. Compl. at 25; Bureau's public website at https://www.bop.gov/inmateloc/.

In the Amended Complaint, Plaintiff alleges that between April and July 2015, while in Bureau custody, Plaintiff "went to sick call and complained to the medical provider about having problems urinating." *Id.* at 15-16, ¶¶ 1–3. At the direction of the facility doctor, a "urinary analysis was done [in June 2015] but [Plaintiff] wasn't told the results." *Id.* at 16, ¶ 2. In July 2015, Plaintiff went to sick call again to complain about his urinary problems. *Id.* ¶ 3. The medical provider informed Plaintiff that his prior urinalysis results revealed leukocytes and ordered an antibiotic. *Id.* Plaintiff claims that although he continued to complain to Bureau staff about his urinary issues, his condition allegedly deteriorated. *Id.* at 16-17, ¶ 4.

At the end of 2017, Plaintiff alleges that he tried to sign up for sick call "several times but was never talked to about [his health condition]." *Id.* at 17, ¶ 5. In May 2018, while incarcerated at USP Lee in Virginia, Plaintiff complained again about his urinary issues and "presented the medical staff a bottle of urine with blood in it." *Id.* ¶ 6. Plaintiff claims that while his medical file indicated staff ordered certain tests of his urine, the tests were never conducted. *Id.*

In June 2018, after Plaintiff's transfer to FCI Gilmer, in West Virginia, Plaintiff was advised to provide a urine sample to medical staff; however, he "never got to turn in urine sample." *Id.* at 18, ¶ 7. Despite his complaints of continuing urinary problems and transfers to other Bureau prisons, Plaintiff alleges that "nothing was done." *Id.* at 18, ¶ 9. During Plaintiff's confinement at USP Yazoo City in Mississippi in September 2018, a medical provider evaluated Plaintiff and ordered a Kidney, Ureter, and Bladder X-ray. *Id.* ¶ 10. The X-ray allegedly "show[ed] nothing so the provider claimed [Plaintiff] was passing a kidney stone." *Id.* at 19, ¶ 10. In October 2018, medical staff prescribed Plaintiff medication to help pass the suspected kidney stone. *Id.* ¶¶ 11–12. Plaintiff alleges the medication was ineffective, and that Plaintiff's condition deteriorated throughout the remainder of 2018. *Id.* at 20, ¶ 14.

In January 2019, Plaintiff was transferred to USP Coleman in Florida.  *Id.* at 20, ¶ 14. Plaintiff alleges that he signed up for sick call several times at Coleman but was not seen until he took a bottle of urine that contained a large amount of blood in it to medical staff.  *Id.* ¶ 15. He was then referred to a urologist. *Id.* In July 2019, Plaintiff was diagnosed with cancer and started receiving treatment.  *Id.* He reportedly was sent to the emergency room several times due to medical staff ignoring his complaints, refusing him medical supplies, and making him reuse single use items. *Id.* Plaintiff subsequently had his bladder, prostrate, part of his intestine, and some lymph nodes removed.  *Id.* The Complaint alleges that Plaintiff can no longer urinate without the aid of medical devices, cannot have children, and is in constant physical pain and mental anguish. *Id.* at 5. Plaintiff was in the hospital from on or about April 17, 2020, until August 25, 2020. *Id.* at 22, ¶ 17.

Plaintiff reportedly filed administrative remedy grievances with the Bureau regarding "the delay in treatment and deliberate indifference" concerning his medical care and completed the

Bureau's administrative remedy process in March 2021. *Id.* at 22-23, ¶¶ 17-18.  Plaintiff also submitted an administrative tort claim to the Bureau in February 2021, which the Bureau responded to in September 2021. *Id.* at 23, ¶ 19.

In or about May 2021, medical staff reportedly allowed Plaintiff three catheters per day, resulting in him obtaining a severe infection. Am. Compl. at 24-25, ¶ 22. In July 2022, Plaintiff received a Foley catheter, which caused him more infections and severe pain. As of January 25, 2024, Plaintiff reportedly has a Foley catheter because he requested it. *Id.* at 25, ¶ 24.

## LEGAL STANDARDS

### I.   <u>Dismissal Under Rule 12(b)(1)</u>

Sovereign immunity bars suits against the United States, its agencies, and officers in their official capacities, absent a waiver of such immunity. *FDIC v. Meyer*, 510 U.S. 471, 475, 485–86 (1994); *see also Settles v. U.S. Parole Comm'n,* 429 F.3d 1098, 1106 (D.C. Cir. 2005) ("United States cannot be sued without its consent."). "Claims against federal employees in their official capacities are deemed to be claims against the United States." *Cunningham v. Dep't of Just.*, 961 F. Supp. 2d 226, 240 (D.D.C. 2013) (citing *Kentucky v. Graham,* 473 U.S. 159, 165–66 (1985)). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). Such express consent is required in a damages suit against the United States or one of its agencies. *See Clark v. Libr. of Cong.*, 750 F.2d 89, 103 n.31 (D.C. Cir. 1984).

The party invoking federal jurisdiction bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Ruling on a motion to dismiss pursuant to Rule 12(b)(1), the Court may consider matters outside the pleadings to assure itself of its jurisdiction over the claims at issue. *Ballard v. Kendall*, 640 F. Supp. 2d 41, 48 (D.D.C. 2002) (citing *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987)).

## II.   Dismissal Under Rule 12(b)(6)

Under Rule 12(b)(6), "[t]o survive a motion to dismiss, a complaint must have 'facial plausibility,' meaning it must 'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although the Court must assume the truth of the facts alleged in the Complaint, the "[f]actual allegations . . . must still be 'enough to raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he Court need not accept inferences drawn by [a] plaintiff if those inferences are not supported by the facts set out in the complaint, nor must the court accept legal conclusions cast as factual allegations." *Id.* (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). A complaint must therefore contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. In ruling on a 12(b)(6) motion, the Court may consider "the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the Court] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)).

## III.   Transfer of Venue

In non-FTCA suits challenging federal agency action, venue is proper in any district in which: "(A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the

action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e). In FTCA suits, venue is appropriate "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Under Section 1402(b), "venue is proper in the District of Columbia if sufficient activities giving rise to plaintiff's cause of action took place here." *Windsor v. Dep't of Veterans Affs.*, Civ. A. No. 23-1050 (UNA), 2023 WL 3180390, at *2 (D.D.C. May 1, 2023) quoting *Franz v. United States*, 591 F. Supp. 374, 378 (D.D.C. 1984). "[T]he relevant terms of the two statutes are similar." *Id.*

The venue statute, 28 U.S.C. § 1404(a), provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Transfer may be appropriate "[e]ven where a plaintiff has brought its case in a proper venue." *Gulf Restoration Network v. Jewell*, 87 F. Supp. 3d 303, 310 (D.D.C. 2015) (quoting *Pres. Soc'y of Charleston v. Army Corps of Eng'rs,* 893 F. Supp. 2d 49, 53 (D.D.C. 2012)). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Ctr. for Env't Sci., Accuracy & Reliability v. Nat'l Park Serv.*, 75 F. Supp. 3d 353, 356 (D.D.C. 2014) (internal quotation marks omitted). "Thus, transfer . . . must . . . be justified by particular circumstances that render the transferor forum inappropriate by reference to the considerations specified in that statute." *Id.* (internal quotation marks omitted).

Defendants, as the moving parties, bear the burden to establish that transfer is proper. *See Gulf Restoration*, 87 F. Supp. 3d at 310. First, the movant must show that the action could originally have been brought in the proposed transferee district. *Id.* Second, the movant must show that "'considerations of convenience and the interest of justice weigh in favor of transfer to the

6

transferee court." *Id.* (quoting *Schmidt v. Am. Physics Inst.,* 322 F. Supp. 2d 28, 31 (D.D.C. 2004)). Finally, the court should consider various case-specific factors—set forth in detail below—which bear on the public and private interests at stake. *Id.*

## ARGUMENT

**I.    The Court Lacks Subject Matter Over Plaintiff's *Bivens* Claims Against the United States, the Federal Bureau of Prisons, and any Individual Defendants Sued in their <u>Official Capacities.</u>**

Plaintiff sues the United States, the Bureau, and unnamed Bureau staff and medical staff under *Bivens*, alleging that "Bureau of Prison staff and medical staff were deliberately indifferent to [his] seriousness medical needs[,] violating his Eighth Amendment [*sic*] right against cruel and unusual punishment." Am. Compl. at 2-3. As relief, Plaintiff seeks unspecified compensatory, punitive, and nominal damages. *Id* at 11.

Absent an explicit waiver of the United States' sovereign immunity, Plaintiff cannot prevail on his *Bivens* claims for damages against the United States, the Bureau, or individual federal employees sued in their official capacities. *See Wine v. Dep't of Interior*, Civ. A. No. 21-3349 (TNM), 2022 WL 3715799, at *6 (D.D.C. Aug. 29, 2022) (dismissing constitutional claim for money damages against federal agency for failure to show a waiver of sovereign immunity); *Barroca v. Hurwitz*, 342 F. Supp. 3d 178, 189–90 (D.D.C. 2018); *Hazel v. Lappin*, 614 F. Supp. 2d 66, 69–70 (D.D.C. 2009) (same).  This is because an official capacity suit against a federal official is one against the United States.  *Quaid v. Kerry*, 161 F. Supp. 3d 70, 72 (D.D.C. 2016); *see also Loumiet v. United States*, 828 F.3d 935, 945 (D.C. Cir. 2016) ("Federal constitutional claims for damages are cognizable only under *Bivens*, which runs against individual governmental officials personally."); *Harper v. United States*, 671 F. App'x 805 (D.C. Cir. 2016) (affirming district court's dismissal for lack of subject matter jurisdiction where the plaintiff "failed to name any individual federal defendant as he must to bring a viable claim under *Bivens*[.]").   And the

United States has not waived its sovereign immunity for such claims. *See Marshall v. Reno*, 915 F. Supp. 426, 434 (D.D.C. 1996) (noting that the doctrine of sovereign immunity bars constitutional claims for money damages against federal employees in their official capacities).

Here, because Plaintiff has not satisfied his burden of establishing that the government has expressly consented to damages suits brought under *Bivens*, *see generally* Am. Compl., Plaintiff's *Bivens* claims must be dismissed.

For the foregoing reasons, the Court should dismiss all of Plaintiff's *Bivens* claims.

## II.   The Court Should Dismiss Plaintiff's FTCA Claims Under Rules 12(b)(1) and 12(b)(6).

The FTCA provides a limited waiver of the federal government's sovereign immunity, granting federal courts exclusive jurisdiction over tort claims where "the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see also Williams v. Dep't of Veterans Affs.*, Civ. A. No. 16-2062 (EGS), 2020 WL 1323305, at *4 (D.D.C. Mar. 20, 2020), quoting *Hansen v. Lappin*, 800 F. Supp. 2d 76, 81 (D.D.C. 2011) (holding that in an FTCA action, a federal district "must apply the law of the state . . . in which the alleged tortious conduct occurred."). Under the FTCA, "[t]he United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

As a starting point, Plaintiff's Amended Complaint fails to mention any specific tort theories upon which his FTCA claim is based other than under an Eighth Amendment constitutional tort theory; nor does it specify the state or states in which the alleged tortious conduct at issue occurred. Accordingly, it is exceedingly difficult to identify exactly what tort Plaintiff is alleging and which state laws may apply. While the United States has waived its sovereign immunity from suit for certain tort claims, it "has not rendered itself liable under [the FTCA] for

constitutional tort claims." *Truesdale v. Dep't of Just.*, 657 F. Supp. 2d 219, 229 (D.D.C. 2009) (quoting *FDIC v. Meyer,* 510 U.S. 471, 478 (1994)). Thus, to the extent Plaintiff's FTCA claim is grounded on a constitutional tort theory, Plaintiff's FTCA claim must be dismissed.

In considering a motion to dismiss under Rule 12(b)(6), "[t]he Court's focus is restricted to the facts as alleged by the plaintiff, which must be sufficiently detailed to raise a right to relief above the speculative level." *Smith v. United States*, 518 F. Supp. 2d 139, 145 (D.D.C. 2007) quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) (cleaned up). "It is incumbent upon the plaintiff to provide more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id*. Here, Plaintiff's FTCA claims should be dismissed under Rule 12(b)(6) due to Plaintiff's failure to plead a cognizable FTCA claim or the requisite elements for such a claim.

## III.   Alternatively, the Court Should Transfer this Action to the Middle District of Florida.

Plaintiff's *Bivens* and FTCA claims present a controversy with no meaningful connection to the District of Columbia other than the Bureau's physical headquarters. *See generally* Am. Compl. Pursuant to 28 U.S.C. § 1402(b), Plaintiff's FTCA claim may be prosecuted "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). As detailed below, Plaintiff does not reside in the District of Columbia. Nor did the acts or omissions complained of in this suit occur in the District of Columbia.  Accordingly, venue over Plaintiff's FTCA claim does not lie in the District of Columbia.

Venue over Plaintiff's *Bivens* claims is proper in any district in which: "(A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e). As discussed further

below, venue over Plaintiff's *Bivens* claims does not lie in the District of Columbia. Rather, venue

in this case is more appropriate in the Middle District of Florida, where Plaintiff resides and where

many of the events set forth in the Complaint are alleged to have occurred. *See* 28 U.S.C.

§ 1404(a).

**A.    This Case Could Have Been Brought in the Middle District of Florida.**

"The first step in resolving a motion for transfer of venue under § 1404(a) is to determine

whether the proposed transferee district is one where the action 'might have been brought.'" *Ctr.*

*for Env't Sci.*, 75 F. Supp. 3d at 356. Plaintiff's FTCA claim may be brought "only in the judicial

district where the plaintiff resides or wherein the act or omission complained of occurred."

28 U.S.C. § 1402(b). Plaintiff's *Bivens* claims could be brought in any judicial district where "(1)

a defendant in the action resides; (2) a substantial part of the events or omissions giving rise to the

claim occurred . . . ; or (3) a plaintiff resides if no real property is involved in the action." *Id.*

(quoting 28 U.S.C. § 1391(e)(1)) (internal quotation marks omitted).

Here, this test tilts decidedly in favor of venue in the Middle District of Florida.  First,

although the Bureau has headquarters in Washington, D.C., its alleged liability derives from the

acts and omissions predominantly occurring at Bureau facilities, all of which are outside the

District of Columbia, by Bureau employees living and working in or in proximity to Bureau

facilities outside the District of Columbia. Moreover, the Bureau is not a proper defendant in a

*Bivens* action. *See Loumiet v. United States*, 828 F.3d at 945 (*Bivens* actions "run[] against

individual governmental officials personally."); *Ortiz-Contreras v. Holder*, 126 F. Supp. 3d 127,

131 (D.D.C. 2015) ("*Bivens* suits may not be brought against agencies").

Second, none of the events or omissions alleged in the Complaint occurred in the District

of Columbia. Instead, Plaintiff alleges that, during his confinement at Coleman beginning in 2019,

he signed up for sick call several times before he was seen, was diagnosed with cancer, was sent to the emergency room several times due to medical staff allegedly ignoring his complaints or refusing to provide him medical supplies, and had his bladder, prostrate, part of his intestine, and some lymph nodes removed.  Compl. at 20–25. Thus, a substantial part of the events or omissions giving rise to the claim occurred during Plaintiff's confinement at Coleman, located in the Middle District of Florida.

Third, Plaintiff has not alleged any physical ties to the District of Columbia and presently resides at Coleman.  *See generally* Compl. Any injuries Plaintiff allegedly sustained occurred outside of the District of Columbia. Thus, all three prongs of the Section 1391(e) test support the transfer of this action to Defendants' preferred forum in the Middle District of Florida.

**B.  The Private and Public Interest Factors Also Weigh Overwhelmingly in Favor of Transfer.**

In assessing whether transfer is appropriate, the court considers the following private interest factors: (1) the plaintiff's choice of forum, (2) the defendant's choice of forum; (3) where the claims arose; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the ease of access to sources of proof.  *Gulf Restoration*, 87 F. Supp. 3d at 311.

Plaintiff's choice of forum here in the District of Columbia should be not be afforded deference. As courts in this District have recognized, the deference ordinarily paid to Plaintiff's choice of forum is predicated on that venue's status as Plaintiff's home forum. *See City of West Palm Beach v. Army Corps. of Eng'rs*, 317 F. Supp. 3d 150, 154 (D.D.C. 2018). That deference is less reasonable when the plaintiff's chosen forum is not his home forum. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007). Moreover, where, as here, "there is an insubstantial factual nexus between the case and the plaintiff's chosen forum, deference to the plaintiff's choice of forum is . . . weakened." *Fed. Hous. Fin. Agency v. First Tenn. Bank Nat'l*

*Ass'n*, 856 F. Supp. 2d 186, 192 (D.D.C. 2012) (quotation marks and citation omitted). Here, Plaintiff's choice of forum should be afforded minimal weight because Plaintiff does not reside here, there is no evidence that the District of Columbia is Plaintiff's home forum, and the District of Columbia has few, if any, factual ties to this case.

Defendants' choice of forum weighs in favor of transfer because the Middle District of Florida is Plaintiff's home forum and is preferred by Defendants. *See Jordan v. Bureau of Prisons*, Civ. A. No. 21-0614 (CKK), 2022 WL 579442, at *6 (D.D.C. Feb. 25, 2022) ("[A]ccording to the law of the District of Columbia Circuit, for venue purposes, a prisoner "resides" where he is incarcerated.") (citing *In re Pope*, 580 F.2d 620, 622 (D.C. Cir. 1978) (per curiam)); *see Tower Labs, Ltd. v. Lush Cosmetics Ltd.*, 285 F. Supp. 3d 321, 326 (D.D.C. 2018) ("[W]hen the forum preferred by the plaintiff is not his home forum, and the defendant prefers the plaintiff's home forum, then there is little reason to defer to the plaintiff's preference.") (emphasis in original; citation omitted)). Moreover, to the extent there are any in-person judicial proceedings in the case, Defendant's choice of forum in Florida minimizes the risk to public safety and public expense or disruption to the Bureau incurred in connection with transporting Plaintiff to any appearances. *See Starnes v. McGuire*, 512 F.2d 918, 931 (D.C. Cir. 1974) ("The burdens and dangers involved in transporting a prisoner across long distances are . . . a significant inconvenience to the Bureau of Prisons and will normally justify transfer.").

The third factor—where the claims arose—also favors transfer to the Middle District of Florida. Plaintiff is confined at Coleman within the Middle District of Florida, where many (if not the vast majority) of the acts and omissions that are the target of his Complaint occurred. *See* Am. Compl. ¶¶ 11–15. Because the factual allegations in this case have a close nexus to the Middle

District of Florida, and there is a minimal (if any) substantive connection to the District of Columbia, the matter belongs most appropriately in the Middle District of Florida.

Recognized as the "most critical factor" in the Section 1404(a) analysis, the convenience of the witnesses heavily favors transfer to the Middle District of Florida in this case. *See Beall v. Edwards Lifesciences LLC*, 310 F. Supp. 3d 97, 105 (D.D.C. 2018); *Pyrocap Int'l Corp. v. Ford*, 259 F. Supp. 2d 92, 95 (D.D.C. 2003); *Chung v. Chrysler Corp.*, 903 F. Supp. 160, 164 (D.D.C. 1995). Several of the actions or omissions at issue were allegedly committed by Bureau medical staff at Coleman in Florida. Thus, fact witnesses central to this litigation likely reside in or are more conveniently found in the Middle District of Florida. For similar reasons, the Middle District of Florida is the superior venue in terms of ease of access to evidence. Coleman's records will in all likelihood house the majority of the medical treatment evidence in this case. And access to the facility itself may be relevant to understanding the nature of some of the events about which Plaintiff complains.

As shown above, all six of the private interest factors weigh in favor of transferring the Complaint to the Middle District of Florida. The Court should also consider the following public interest factors when deciding whether to transfer a civil action to another venue: (1) the degree to which the transferee court is familiar with the governing laws; (2) the relative congestion of the calendars of the transferee and transferor courts; and (3) the local interest in deciding local controversies at home. *Gulf Restoration Network*, 87 F. Supp. 3d at 311. Here, two of the three factors clearly favor transfer of this action to the Middle District of Florida.

First, there is no reason to suspect that any federal district court is unfamiliar with the type of constitutional claim and applicable laws placed at issue in the Complaint. Another court in this District has recognized that courts in other federal districts "can competently resolve the federal

questions at issue and are equipped to address the variety of issues with national implications at stake" in a given case. *City of West Palm Beach*, 317 F. Supp. 3d at 157 (citing *In re Korean Air Lines Disaster of Sept. 1, 1983*, 829 F.2d 1171, 1175 (D.C. Cir. 1987)); *see also W. Watersheds*, 942 F. Supp. 2d at 101 ("Judges in both districts are presumed to be equally familiar with the federal laws governing this dispute, and thus this factor is not germane[.]"). Because Plaintiff pursues federal claims requiring interpretation of federal law, "[t]he transferee district is presumed to be equally familiar with the federal laws governing [the plaintiff's] claims." *Wolfram*, 490 F. Supp. 3d at 335 (alterations in original; quotation marks omitted).

Second, while there can be no serious dispute that both the District of Columbia and the Middle District of Florida face congested dockets, it appears that the Middle District of Florida's dockets are slightly more congested.[3] But, as courts in this District have recognized, "[t]hese statistics are not perfect indicators of court congestion as they may be influenced by additional factors" and "[d]epending on which metric a Court chooses to assess relative congestion, the weighing of this factor [often] points in different directions." *Wolfram*, 490 F. Supp. 3d at 336–37. Accordingly, this factor is neutral.

Third, this matter presents a local controversy that should be decided by the Middle District of Florida. "The interest in deciding local controversies at home is the public interest factor of most importance[.]" *Bourdon v. Dep't of Homeland Sec.*, 235 F. Supp. 3d 298, 308 (D.D.C. 2017); *see also Trout Unlimited v. Dep't of Agric.*, 944 F. Supp. 13, 19 (D.D.C. 1993). To determine whether the case presents a local controversy, courts "consider a wide variety of factors, including:

---

[3]     *See* U.S. Courts, Table C – U.S. District Courts – Civil Federal Judicial Caseload Statistics (Mar. 31, 2023) https://www.uscourts.gov/statistics/table/c/federal-judicial-caseload-statistics/2023/03/31 (last visited March 20, 2024) (showing 4,548 pending civil cases in the District of Columbia District Court compared to 6,227 in the Middle District of Florida as of March 2023).

where the challenged decision was made; whether the decision directly affected the citizens of the transferee state; the location of the controversy[;] . . . and whether there was personal involvement by a District of Columbia official." *Bourdon*, 235 F. Supp. 3d at 308; *see also, e.g.*, *Preservation Society*, 893 F. Supp. at 58 (factor favored transfer "[b]ecause any potential impacts are to be felt locally"); *see also Barham v. UBS Fin. Servs.*, 496 F. Supp. 2d 174, 179 (D.D.C. 2007) (noting that even though the management decisions may have been made by managers in the District of Columbia, the plaintiffs forum was given less deference because the defendants' discriminatory actions occurred in the Maryland office). Several of Plaintiff's alleged injuries—spanning the period 2019 to the present—were sustained in the Middle District of Florida where Plaintiff has been confined at Coleman under the care of medical staff located there. Therefore, the Middle District of Florida has a substantial interest in the resolution of the claims. Weighing these public interest considerations together, the Court should transfer the Complaint to the District of Florida.

*   *   *

15

## CONCLUSION

For these reasons, Defendants respectfully request the Court dismiss Plaintiff's *Bivens* claims for lack of subject matter, dismiss Plaintiff's FTCA claims for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). In the alternative, Defendants request that the Court transfer this action to the Middle District of Florida. A proposed order is submitted herewith.

Dated: April 1, 2024
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:    */s/ B. Kathryn Debrason*
    B. KATHRYN DEBRASON
    PA Bar No. 321236
    Assistant United States Attorney
    601 D Street, N.W.
    Washington, D.C. 20530
    (202) 815-8663
    Kate.Debrason@usdoj.gov

*Attorneys for the United States of America*

16

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2024, I caused a true copy of the foregoing document to be served on the *pro se* Plaintiff via First Class U.S. Mail, with postage prepaid, at the following address:

David Harris, #25574-076
FCC/USP Coleman
P.O. Box 1033
Coleman, FL 33521

*/s/ B. Kathryn Debrason*
_____
B. KATHRYN DEBRASON

*Counsel for Defendants*

17

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID HARRIS,

        Plaintiff,

    v.

UNITED STATES OF AMERICA, *et al.*,

        Defendants.

Civil Action No. 22-0342 (RC)

**[PROPOSED] ORDER**

Upon consideration of Defendants' Motion to Dismiss, or Alternatively, to Transfer Complaint, it is hereby

\*     \*     \*

ORDERED that the Motion to Dismiss Plaintiff's *Bivens* claims for lack of subject matter jurisdiction is GRANTED.

It is further ORDERED that the Motion to Dismiss Plaintiff's FTCA claims for lack of subject matter jurisdiction and for failure to state a claim under Rule 12(b)(6) is GRANTED.

It is further ORDERED that Defendants' request to transfer this action to the Middle District of Florida is DENIED AS MOOT.

It is further ORDERED that this matter is DISMISSED WITH PREJUDICE.

\*     \*     \*

ORDERED that Defendants' request to transfer this action to the Middle District of Florida is GRANTED.

It is further ORDERED that the Clerk of the Court shall transfer this action to the federal district court for the Middle District of Florida.

ORDERED that the Motion to Dismiss is DENIED without prejudice to Defendants to refile a motion under Federal Rule of Civil Procedure 12(b) within 21 days after this matter is docketed in the Middle District of Florida.


SO ORDERED.


Dated: _____                    _____
                                                RUDOLPH CONTRERAS
                                                United States District Judge